## Seth F. Davis *versus* Augustus Gowen.

Where the parties to a negotiable note live in the same town, a demand on the maker cannot be made, and notice to the indorser given, through the post office.

The holder of a note is not discharged from the duty imposed by law upon him of demanding payment of the maker at its maturity, and giving notice to the indorser of non-payment, by proof that, at the time of the negotiation of the note, the indorser was informed that the holder relied on him for the payment of the note at maturity.

It is not sufficient proof of a waiver of demand on the maker, and notice to the indorser of a note, that he was informed, at the time of the indorsement of the note, that the holder relied altogether upon him for the payment of the note at its maturity.

This was an action against the defendant as indorser of a note signed by Gideon Mayo.

To prove demand on the maker and notice of his refusal to pay to the indorser, the parties agreed to admit the testimony of Elvanton P. Butler, as given in the Court below, which was as follows: "That the note in suit was left in the Stillwater Canal Bank, of which he was cashier, before it was out, and that on the twenty-sixth day of October, 1837, he left written notices directed to the maker and indorser, in the post office in Orono; that the maker and indorser both resided in the village of Stillwater, Orono; that no other measures were taken by him to make demand and give notice; that it was the practice of the bank, when directed to take the necessary steps to hold an indorser on notes left for collection, to cause a demand to be made on the maker in person, or at his house, or place of business, and notice to be given to the indorser, or left at his house, or place of business; that he did not recollect that either Mayo or Gowen, had been in the habit of doing business at the bank prior to the 20th of October, 1837."

The plaintiff then called Nathaniel Wilson, Esq. who testified, that on the first day of grace, as he thinks, the plaintiff brought him the note and requested him to commence a suit on it; that he took the note and presented it to the defendant for payment, and told him that he was directed by the plaintiff

to sue it immediately, to which the defendant replied that he would pay it immediately, or see it paid. The witness testified, that when he took the note from the plaintiff, the plaintiff told him that he took the note of Gowen for money due him from Gowen, and that he told Gowen when he took it, that he would not take it unless he, (Gowen,) would pay it, at maturity, to him, and that he would not look to any other person for it; and this statement of the plaintiff, the witness testified, he made to the defendant at the time he called on him — which statement of the plaintiff the defendant did not deny.

SHEPLEY J. who tried the cause, ruled the evidence was insufficient, and ordered a nonsuit; to which ruling and directions of the Court, the plaintiff excepted.

*Ingersoll & Wilson*, for the plaintiff.

*Washburn*, for the defendant.

BY THE COURT. — The liability of the defendant, as indorser, is conditional, unless it appears that he waived demand and notice. This is not to be deduced from the conversation between the parties, testified to by the witness. The defendant might have agreed to pay the note at maturity, and the plaintiff may have apprised him, when he received the note, that he relied altogether upon him; yet the agreement of the defendant must be understood to have been made, with the implied reservation, that if the maker paid, he was not to be liable. He did not discharge the holder from the duty imposed upon him, to demand payment of the maker, at the maturity of the note. There is not sufficient evidence in the case, to charge or modify his legal liability, arising from the indorsement. Demand and notice are not proved. Where the parties live in the same town, this cannot be done through the post office.

<div align="right">

*Nonsuit confirmed.*